**In re Eric M. CANNON, Robin J. Cannon, Debtors.**

**Eric M. Cannon, Robin J. Cannon, Plaintiffs,**

v.

**United States of America, Internal Revenue Service, Defendant.**

**Bankruptcy No. 09–69712–MHM.**

**Adversary No. 09–6400.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 31, 2011.

Samuel D. Hicks, Hicks, Casey & Foster, P.C., Marietta, GA, for Debtors.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

Plaintiffs (Debtors in the main case) filed this adversary proceeding against Defendant Internal Revenue Service ("IRS"), seeking a determination that all taxes, penalties and interest for tax years prior to 2005 are dischargeable under § 523(a)(1) and (8). IRS filed a *Motion for Summary Judgment* (the "Motion") based on facts stipulated by the parties. Plaintiffs oppose the Motion.

The parties stipulate that Plaintiffs did not file federal income tax returns for the tax years 1999, 2001 and 2002 by the date for which each of those returns were due. After the returns were due, the IRS audited Debtors for those years and made in-

come tax assessments based upon the audit, also known as a substitute return. After the 1999, 2001, and 2002 assessments were made, Plaintiffs filed income tax returns for those years, and in response, IRS abated a portion of their liability.

IRS does not dispute that Plaintiffs' liabilities for the tax years 1995–1998, 2003 and 2004 are dischargeable. IRS asserts, however, that Plaintiffs' tax liabilities for the tax years 1999, 2001, and 2002 are not dischargeable because the assessments for those years are not based upon returns prepared by the taxpayers, but instead are based upon the substitute returns created by IRS. Plaintiffs contend that the court should focus on Plaintiffs' actions and intent surrounding the filing of the filing of the returns to determine whether they were filed in good faith, even if the late returns were filed after an assessment based upon IRS substitute returns.

With respect to tax obligations, § 523 provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, or equivalent report or notice, if required—

(i) was not filed or given; or

(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]

The 2005 amendments to the Bankruptcy Code, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") added the following undesignated paragraph at the end of § 523(a):

For purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or a similar state or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar state or local law.

The Internal Revenue Code, § 6020(a) and (b) provides:

(a) Preparation of return by Secretary.—If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

(b) Execution of return by Secretary.—

(1) Authority of Secretary to execute return.—If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and

from such information as he can obtain through testimony or otherwise.

(2) Status of returns.—Any return so made and subscribed by the Secretary shall be *prima facie* good and sufficient for all legal purposes.

Section 6020(a) is recognized as the "safe harbor" provision for late returns.

The cases that have addressed the impact of the undesignated paragraph added by BAPCPA to define "return" have concluded that a late return can never qualify as a return unless it is filed under the § 6020(a) safe harbor provision. *Creekmore v. IRS*, 401 B.R. 748 (Bankr. N.D.Miss.2008); *Links v. U.S.*, 2009 WL 2966162 (Bankr.N.D.Ohio 2009); *McCoy v. Mississippi State Tax Commission*, 2009 WL 2835258 (Bankr.S.D.Miss.2009). The reasoning in those cases is persuasive. Accordingly, it is hereby

ORDERED that Defendant's motion for summary judgment is *granted:* Debtor's tax liabilities for the tax years 1999, 2001 and 2002 are nondischargeable. Debtor's tax liabilities for the tax years 1995–1998, 2003 and 2004 are dischargeable.

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiffs' attorney, Defendant's attorney, and the Chapter 7 Trustee.

IT IS SO ORDERED.